IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOEL E. NEWMAN                                                PLAINTIFF

v.                CIVIL NO. 2:18-CV-2029

NANCY A. BERRYHILL,[1] Acting Commissioner,
Social Security Administration                                 DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Joel Newman, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed his current applications for DIB and SSI on September 22, 2015, alleging an inability to work since May 3, 2013, due to testicular cancer in lymph nodes that was in remission, emphysema, chronic obstructive pulmonary disorder (COPD), and nerve damage. (Tr. 108, 114, 122, 138). For DIB purposes, Plaintiff maintained insured status

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

through December 31, 2018. (Tr. 60, 108, 114, 122, 138). An administrative video hearing was held on July 26, 2016, at which Plaintiff and a vocational expert testified. (Tr. 73-105).

By written decision dated November 29, 2016, the ALJ found that during the relevant time period, Plaintiff had severe impairments of testicular cancer, status post-surgical intervention and chemotherapy; peripheral neuropathy; chronic obstructive pulmonary disorder (COPD); and major depression. (Tr. 60). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 61). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except for the following: Plaintiff should perform jobs in a controlled environment which did not risk exposure to dust, fumes, smoke in concentrated amounts, or temperature extremes; Plaintiff should perform only simple tasks and simple instructions; and Plaintiff should have incidental contact with the public. (Tr. 63). With the help of a vocational expert (VE), the ALJ determined that although Plaintiff was unable to perform his past relevant work, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as a power screw driver operator, a can filling and closing machine tender, and a compression molding machine tender. (Tr. 67). The ALJ concluded that the Plaintiff had not been under a disability, as defined in the Social Security Act, from May 3, 2013, through the date of the decision. (Tr. 68).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after considering additional evidence submitted by Plaintiff, denied that request on December

2

22, 2017.[2] (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby

---

[2] With respect to the additional evidence from the relevant time period that was submitted to the Appeals Council, the Appeals Council made the following determination, "We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence." The Court notes that, here, as the Court found in Benoit v. Berryhill, although the Appeals Council denied Plaintiff's request for review and indicated that it did not consider or exhibit the evidence, the Appeals Council's decision reflects that the Appeals Council received the additional records; that it reviewed these records; and that it concluded that these records did not provide a basis for changing the decision of the ALJ. Benoit v. Berryhill, 2018 WL 4554519 *7 (E.D. Mo. 2018).

summarily affirmed and Plaintiff's Complaint is dismissed with prejudice.  See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 8th day of February 2019.


/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE